**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | **8:07CR54** |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **LUIS HARO-RAMIREZ,** | ) | |
| **JOSE LUIS AGUILAR-OCHOA and** | ) | |
| **RAMON ORDONEZ-LOPEZ,** | ) | |
| | ) | |
| **Defendants.** | ) | |

This matter is before the court on the motion for a severance (Filing No. 28) by defendant Jose Luis Aguilar-Ochoa (Aguilar-Ochoa). Aguilar-Ochoa is charged in Count I of the Indictment together with co-defendants Haro-Ramirez and Ordonez-Lopez with a conspiracy to distribute and possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846. Aguilar-Ochoa is charged in Count II of the Indictment with the possession with intent to distribute more than 500 grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1). Ordonez-Lopez is charged in Count III of the Indictment with the possession with intent to distribute more than 50 grams but less than 500 grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1). Haro-Ramirez is charged in Count IV of the Indictment with being an alien and being found in the District of Nebraska after having been convicted of an aggravated felony, having been deported from the United States, and having reentered the United States illegally in violation of 8 U.S.C. § 1326 (a) and (b)(2). Haro-Ramirez is charged in Count V of the Indictment with possessing a firearm after having been convicted of a felony in violation of 18 U.S.C. § 922(g). All three co-defendants are charged in Count VI of the Indictment with a criminal forfeiture involving a 1998 Chevrolet Blazer, and various amounts of U.S. currency totaling $44,353.00 in violation of 21 U.S.C. § 853. Haro-Ramirez is charged in Count VII of the Indictment with a forfeiture of a 9mm firearm in violation of 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

Aguilar-Ochoa seeks severance of his trial from other defendants pursuant to Fed.R. Cr.P. 14 on the basis he will be prejudiced by a joint trial with them. Aguilar-Ochoa

asserts post-arrest statements made by his co-defendants will be used in a joint trial to implicate Aguilar-Ochoa.

The court held a hearing on the motion on May 4, 2007.  Aguilar-Ochoa was present with his retained counsel, Bassel F. El-Kasaby.  The United States was represented by Assistant U.S. Attorney Susan T. Lehr.  Laura Garcia-Hein, a certified interpreter in the Spanish language, served as the interpreter.  The court received into evidence various reports from the Omaha Police Department (OPD) concerning the interviews of Haro-Ramirez and Ordonez-Lopez.

Rule 14 of the Federal Rules of Criminal Procedure provides in part:  "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." **See** Fed. R. Crim. P. 14(a).  Having reviewed the post arrest statements of Haro-Ramirez and Ordonez-Lopez, the courts finds the trial of Aguilar-Ochoa should be severed from that of his co-defendants.

**IT IS ORDERED:**

Aguilar-Ochoa's motion for a severance (Filing No. 28) is granted.  Aguilar-Ochoa's trial is scheduled before Chief Judge Joseph F. Bataillon and a jury to commence on **June 4, 2007.**

**IT IS FURTHER ORDERED:**

Upon Aguilar-Ochoa's oral request at the hearing for additional time in which to prepare for trial, the court finds the ends of justice will be been served by granting such request and outweigh the interests of the public and the defendant in a speedy trial.  The additional **time** arising as a result of the granting of the motion, i.e., the time between **May 14, 2007 and June 4, 2007,** shall be deemed **excludable** time in any computation of time under the requirement of the Speedy Trial Act for the reason that defendant's counsel requires additional time to adequately prepare the case.  The failure to grant additional time might result in a miscarriage of justice.  18 U.S.C. § 3161(h)(8)(A) & (B).

## ADMONITION

Pursuant to NECrimR 57.2 any appeal of this Order shall be filed with the Clerk of the Court within ten (10) days after being served with a copy of this Order. Failure to timely appeal may constitute a waiver of any such appeal. The brief in support of any appeal shall be filed at the time of filing such appeal. Failure to file a brief in support of any appeal may be deemed an abandonment of the appeal.

DATED this 14th day of May, 2007.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge